## IDA C. HUNT *vs.* RHODES BROTHERS COMPANY.
## JOSEPH S. HUNT *vs.* SAME.

Suffolk.　November 14, 1910. — November 21, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Agency. Husband and Wife. Negligence,* Of marketman.

In an action by a married woman against the proprietor of a market, for personal injuries received by the plaintiff from a double-pointed barbed tack, which had fastened a tag to a leg of lamb and which the defendant's servant negligently suffered to remain embedded in the leg of lamb when the tag was removed, the plaintiff testified that she was going to give a dinner party, that she gave her husband $2 and sent him for a leg of lamb, that he brought one home, and that while she was preparing it to be served at the dinner party she received the injuries from the embedded tack. The plaintiff's husband testified that he was sent by his wife for the leg of lamb, that she gave him the money with which to pay for it, that he told the defendant's salesman that his wife wanted a nice leg of lamb and that the salesman got it for him and he paid for it with the money that his wife gave him. There was evidence that the plaintiff and her husband kept house together, that he supported the plaintiff and their child and properly provided for them at all times, and that he never had suffered them to lack for any of the necessaries of life or for anything that was proper. After a verdict for the plaintiff, a bill of exceptions alleged by the defendant stated that the only question raised was whether there was sufficient evidence that the plaintiff's husband was acting as her agent to sustain the verdict. *Held,* that this court could not say that there was no evidence warranting a finding that the husband was acting as the agent of his wife, and therefore the defendant's exceptions were overruled, although *it was said* that, if it had been open upon the bill of exceptions, the verdict could have been sustained more satisfactorily on the ground of the duty of the defendant in selling the leg

of lamb for food to see that nothing was suffered to remain embedded in it which would be likely to cause injury to a person preparing it to be used for food in the exercise of reasonable care.

MORTON, J.    These two actions of tort were tried together * and a verdict was rendered for each plaintiff.    The cases are here on the defendant's exceptions.    We shall speak of the female plaintiff as the plaintiff.    She was injured by a barbed tack embedded in a leg of lamb which she was preparing for cooking, and which her husband was alleged to have purchased from the defendant as her agent.    It is admitted that the plaintiff was in the exercise of due care and that there was evidence of negligence on the part of the defendant's servant.    The exceptions state that the only question is whether there was sufficient evidence that the husband was the agent of the plaintiff to sustain the verdict in her favor.

The relation of husband and wife and the obligation which the husband was under to support his wife did not as matter of law render either incompetent to act as the agent of the other or prevent the wife from giving a dinner party on her own account any more than from buying stock on her own separate and individual account if she saw fit to do so. Whether the husband was acting for the plaintiff in the purchase of the leg of lamb or was buying it for family use, and whether in giving the dinner party the plaintiff was acting on her own account were questions of fact to be determined by the jury under suitable instructions.    The husband testified that he was sent by his wife for the leg of lamb; that she gave him the money with which to pay for it; and that he told the salesman that his wife wanted a nice leg of lamb and the salesman got it for him and he paid for it with the money that his wife gave him.    The wife testified that she was going to give a dinner party and gave her husband $2 and sent him for a leg of lamb and he brought one home and she looked it over and put it in the ice chest and while preparing it to be served at the dinner party to be given by her received the injuries complained of, which, it appeared, were caused by a double-pointed carpet tack barbed at both ends with which the tag had been fastened to the lamb and which was suffered to remain embedded in the leg of lamb when the

---

* Before *DeCourcy,* J.

tag was removed. This was all of the testimony bearing on the question of agency except testimony to the effect that the plaintiff and her husband kept house together and that he supported his wife and child and had supported and properly provided for them at all times and had never suffered them to lack for any of the necessaries of life or for anything that was proper.

The question is not one of the weight of evidence but whether there was any evidence tending to show that the husband was acting as agent for the wife. While the circumstances are somewhat unusual and it is possible that the dinner party spoken of differed from the ordinary family dinner only in being more elaborate and in the fact that guests were to be invited, it cannot be said, we think, that there was no evidence warranting a finding that the husband was acting as agent for the wife.

We cannot help feeling that a more satisfactory ground on which to rest the case would have been the duty which the defendant owed to any one preparing it to be served as food to see that there was not suffered to remain embedded in the lamb anything that was liable to cause injury to any one in preparing it while in the exercise of due care. But we must deal with the case as it is presented.

*Exceptions overruled.*

*C. S. Knowles,* for the defendant.

*J. P. Magenis & John Wentworth,* for the plaintiffs, were not called upon.