EMELINE CARLSON *vs.* TURNER CENTRE SYSTEM.

Suffolk.    March 15, 1928. — April 5, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Food.  Contract,* What constitutes.  *Sale.*

An action of contract cannot be maintained against one engaged in the business of bottling and selling milk by one injured by the presence of a piece of glass in a bottle of the defendant's milk which the plaintiff purchased from a storekeeper, the storekeeper having bought the milk from a dealer to whom it was sold by the defendant.

TORT for personal injuries caused by the presence of a piece of glass in a bottle of milk drunk by the plaintiff.  Writ dated July 24, 1925.

In the Superior Court, the action was tried before *Williams*, J.  Before the trial, the plaintiff was allowed to amend her writ by adding the word "contract" after the word "tort," and to amend her declaration by adding a count in contract.  At the close of the evidence, the judge required the plaintiff to elect upon which count she would rely, and she elected to rely upon the count in contract.  The judge thereupon ordered a verdict for the defendant.  The plaintiff alleged exceptions.

The case was submitted on briefs.

*F. T. Conley*, for the plaintiff.

*A. W. Putnam*, for the defendant.

BRALEY, J.    The defendant corporation, engaged in the business of bottling and selling milk in quart and pint glass bottles, sold to one Holden, a retail dealer and its largest bottle customer, a quart bottle of milk with the name "Turner Centre System" blown in the glass, which was purchased by the plaintiff of one Roberts, a storekeeper, to whom one Holden sold milk.    It could be found on the evidence, that at the time of purchase there was a small piece of glass in the milk which lodged in the throat of the plaintiff while she was using it for food, causing injuries for which she seeks damages.    A witness for the defendant stated, that he was in charge of the process of bottling the milk, which he described.    It appeared that in washing the bottles before filling them with milk, the bottles were heated to a point just short of breaking, and that the bottles often broke while being washed, and sometimes pieces of glass flew into bottles that were being filled.

The first count of the declaration, which is in tort for negligence, is not before us.    It is contended by the plaintiff under the second count, in contract, upon which she elected to rely, that while there was no express warranty, there was an implied warranty by the defendant that the milk in question was wholesome and fit for human consumption.    But there was no contractual relation between the defendant and the plaintiff, who dealt only with the retailer.    In *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, and *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, which were actions of contract to recover damages caused by the sale of deleterious articles of food, the relation of buyer and seller existed, and in *Tonsman* v. *Greenglass*, 248 Mass. 275, relied on by the plaintiff, the action was in tort for negligence.

The verdict for the defendant in the case at bar was ordered rightly.

*Exceptions overruled.*