ROSE GROCE *vs.* FIRST NATIONAL STORES INC.

Suffolk.     March 7, 1929. — June 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Agency*, Existence of relation, Undisclosed. *Husband and Wife. Sale*, Implied warranty. *Food.*

At the hearing by a judge without a jury of an action by a married woman for personal injuries due to the presence of a piece of metal in food purchased by her of the defendant, there was evidence that the plaintiff lived with her husband and daughter, and that she bought the food for the family and paid for it with money obtained from her husband for that purpose. There was no evidence that the defendant knew that the plaintiff was a married woman or knew that she was accustomed to purchase articles for the household with money given to her for that purpose by her husband. The plaintiff's claim was in contract for breach of warranty. The trial judge denied a motion by the defendant that a finding be rendered in his favor and found for the plaintiff *Held*, that

(1) A finding for the plaintiff was warranted either if she did not act as agent for her husband in purchasing the food, or if, although she did act as such agent, the agency was not disclosed or known to the defendant;

(2) A finding was not required that the plaintiff was acting as agent of her husband: the source of the money used by her in purchasing the food was merely one circumstance to be considered with all the other evidence;

(3) If the plaintiff were acting as agent, a finding was not required that the defendant knew that fact;

(4) The finding for the plaintiff imported a finding either that the plaintiff was not acting as agent of her husband or that, if she were, the defendant did not know that fact;

(5) The motion by the defendant properly was denied.


CONTRACT OR TORT. Writ dated January 7, 1927.

Material evidence at a hearing of the action in the Superior Court by *Donahue,* J., without a jury, is stated in the opinion. At the close of the evidence, the plaintiff elected to stand upon her rights in contract. The judge denied a motion by the defendant that a finding be rendered in his favor and found for the plaintiff in the sum of $200. The defendant alleged exceptions.

*G. F. Garrity & A. Donahue,* for the defendant, submitted a brief.

*H. Horvitz,* for the plaintiff.

PIERCE, J. This is an action of "tort or contract" to recover damages for injuries sustained by the plaintiff, a married woman, on September 17, 1926, in consequence. of having chewed and eaten some shredded cocoanut, manufactured and distributed by the Franklin Baker Company and sold by the defendant to the plaintiff. The case was heard by a judge of the Superior Court without a jury. At the conclusion of the evidence the plaintiff elected to base her action upon a breach of warranty, and the defendant moved the court to render a finding in its favor. The judge made a finding for the plaintiff. The case comes before us on the defendant's exceptions to the denial of its motion and to the finding of the judge. The bill of exceptions contains all the evidence introduced at the trial material to the questions therein raised.

At the trial the plaintiff testified, in substance, that she was a married woman, living with her husband and daughter; that on September 17, 1926, she purchased a can of shredded cocoanut at a store owned and operated by the defendant; that she bought the goods for the family and paid for the can of cocoanut with money of her husband obtained for that purpose. She further testified that as she was spreading the

cocoanut on cake she put a lump of it in her mouth, bit on it and felt a sharp-shooting pain through her teeth caused by a piece of metal lodged between them. She described the treatment of her tooth by a dentist on the same day, and the damage done to the tooth. Disregarding the evidence that the cocoanut was paid for with money obtained from her husband for that purpose, the undisputed evidence warranted a finding for the plaintiff. *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 95.

It is the contention of the defendant that the judge, on the testimony of the plaintiff, should have found that she was acting as an agent for her husband; that as agent there was no contract between herself and the defendant, and that consequently she could not maintain her action. *Carlson* v. *Turner Centre System*, 263 Mass. 339. It is the further contention of the defendant that the case on all the evidence for the plaintiff is not distinguishable from *Gearing* v. *Berkson*, 223 Mass. 257. An examination of the report of that case to the Appellate Division of the Municipal Court, whence it came to this court, discloses that the trial judge refused to rule for the plaintiff and found for the defendant upon the testimony of the plaintiff that she "often in company with her husband, but sometimes alone" "had previously traded, three or four times a week," at the store of the defendant with money given her by her husband to "run the house, support, and all." This ruling and finding necessarily imported that the trial judge found as a fact that the plaintiff when she purchased the pork chops, which were alleged to be unwholesome and unfit for food, did so as the agent of her husband and that the defendant knew of her agency.

In the instant case there is no evidence reported which would warrant a finding that the defendant or its servants knew when the sale of the can of cocoanut was made to the plaintiff that she was a married woman, or that she was accustomed to purchase articles for the household with money given her by her husband for that purpose; and there is no evidence that her husband ever went with her when she bought goods or articles at stores for family use. The find-

ing of the trial judge for the plaintiff necessarily imports that he found that the plaintiff was not acting as agent for her husband in the purchase of the can of cocoanut, or, if she were, that the defendant and his servants did not know that fact.

The question of principal and agent as between husband and wife, as the case may be, is commonly one of fact. *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30. *Smith* v. *Jordan,* 211 Mass. 269, 272. The source of the money used by a husband or wife is but one fact in connection with other evidence relevant to that issue. *Hunt* v. *Rhodes Brothers Co., supra.* Any inference that the wife is the agent of her husband does not necessarily spring out of the contract of marriage, but has its source in the fact that the wife is usually the ostensible head of the household and as such is authorized to contract for the husband. The same authority is inferred in favor of a sister, a housekeeper, or other person who presides over the management of the house of another. *Alley* v. *Winn,* 134 Mass. 77, 79. *Dolan* v. *Brooks,* 168 Mass. 350. *Goldstein* v. *Slutsky,* 254 Mass. 501, 505. *Debenham* v. *Mellon,* 5 Q. B. D. 394; *S. C.* 6 App. Cas. 24. In an action against the husband to recover for goods purchased by the wife, the burden is upon the plaintiff to prove an agency in fact or one implied from the inadequacy of the husband's provision. *Dolan* v. *Brooks, supra. Jordan Marsh Co.* v. *Hedtler,* 238 Mass. 43. It is plain the defendant in the case at bar was not entitled as matter of law to a finding in its favor.

Moreover, it does not follow as matter of law that there was no contractual relationship between the plaintiff and defendant, if the plaintiff was in fact the agent of her husband. Such contractual relationship arises when the agent has pledged his own responsibility or has acted in his own name for an undisclosed principal. *Welch* v. *Goodwin,* 123 Mass. 71. *Brigham* v. *Herrick,* 173 Mass. 460. In either case such an agent has made himself personally liable, and may enforce the contract though the principal has renounced it. *Welch* v. *Goodwin, supra. Brigham* v. *Herrick, supra. Short* v. *Spackman,* 2 B. & Ad. 962. As between himself and the other party, the agent of the undisclosed principal

has the same rights and is subject to the same obligations as if he had not been acting for another. *Colburn* v. *Phillips*, 13 Gray, 64. *Buffington* v. *McNally*, 192 Mass. 198. *Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.* 211 N. Y. 68, 72.

In the instant case the evidence did not require as matter of law a finding that the plaintiff was the agent of her husband, nor did it require a finding that the defendant knew, or that the plaintiff disclosed to the manager of the defendant's store, that she was making the purchase as the agent of her husband. It results that the contract which was made gave and imposed reciprocal rights and obligations upon the plaintiff and defendant, which were not affected by the agency of the plaintiff.

*Exceptions overruled.*