## CONNECTICUT PIE CO. v. LYNCH.
### No. 5347.

Court of Appeals of District of Columbia.

Submitted Feb. 4, 1932.

Decided March 7, 1932.

R. B. Behrend, of Washington, D. C., for plaintiff in error.

Louis L. Whitestone, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Plaintiff in error, Connecticut Pie Company, is a manufacturer of pies, which it sells at wholesale to lunch rooms, grocery stores, hotels, and fruit stands.

Lynch, defendant in error, purchased a pie, manufactured by the pie company, from

a Mrs. Lowe, proprietor of a grocery store at Cottage Park, Va., Mrs. Lowe having previously purchased the pie from the pie company. When Lynch at his home undertook to eat a slice of the pie, he bit into something hard, which turned out to be a nail so imbedded in the pie that it could not be seen until after the pie was bitten into, as a result of which he broke one of his teeth. He brought suit against the pie company, alleging a breach of warranty on its part.

At the close of the evidence for the plaintiff (defendant in error), and again at the close of all the evidence, counsel for the defendant pie company moved for a directed verdict, and excepted to the court's refusal to grant the motion. Over the objection and exception of the pie company, the court instructed the jury that Lynch had a right to rely upon an implied warranty on the part of the pie company that the pie was fit for human consumption. There was a verdict and judgment against the pie company, and this writ of error was sued out.

According to the great weight of authority, a manufacturer of food is not liable to third persons under an implied warranty, because there is no privity of contract between them. Chysky v. Drake Brothers Co., 235 N. Y. 468, 139 N. E. 576, 27 A. L. R. 1533, followed in Redmond v. Borden's Farm Products Co., 245 N. Y. 512, 157 N. E. 838; Pelletier v. Dupont, 124 Me. 269, 128 A. 186, 39 A. L. R. 972; Carlson v. Turner Centre System, 263 Mass. 339, 161 N. E. 245; Tomlinson v. Armour & Co., 75 N. J. Law, 748, 70 A. 314, 19 L. R. A. (N. S.) 923; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A. L. R. 667; Flaccomio v. Eysink, 129 Md. 367, 379, 100 A. 510; Crigger v. Coca-Cola Bottling Co., 132 Tenn. 545, 179 S. W. 155, L. R. A. 1916B, 877, Ann. Cas. 1917B, 572; Drury v. Armour & Co., 140 Ark. 371, 216 S. W. 40. An implied warranty is based upon the existence of contractual relations between the parties, and where there is no privity of contract between the manufacturer and third persons there can be no implied warranty.

Manufacturers guilty of negligence have frequently been held liable to third persons in the absence of contractual relations between them, but in actions sounding in tort. Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 S. Ct. 270, 276, 53 L. Ed. 453; King v. Davis, 54 App. D. C. 239, 296 F. 986; Johnson v. Cadillac Motor Car Co. (C. C. A.) 261 F. 878, 8 A. L. R. 1023; Tomlinson v. Armour & Co., 75 N. J. Law, 748, 70 A. 314, 19 L. R. A. (N. S.) 923; Goldman & Freiman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866; Haley v. Swift & Co., 152 Wis. 570, 140 N. W. 292. See, also, Ketterer v. Armour & Co. (C. C. A.) 247 F. 921, L. R. A. 1918D, 798; Tompkins v. Quaker Oats Co., 239 Mass. 147, 131 N. E. 456.

In the Waters-Pierce Case the court ruled that, where the original vendor knowingly sells, as coal oil, a mixture of coal oil and gasoline, of such inflammable character as to be unlawful under a local statute, to a vendee who in ignorance of its unlawful nature sells it to a third party in like ignorance, the original vendor is directly responsible to the final purchaser for the consequences of an explosion, produced solely by reason of such unlawful nature while the oil is being used in a legitimate manner; and that in such a case the responsibility of the original vendor rests not on contract but in tort. After stating the facts, the court said: "From these facts it is apparent that the responsibility of the oil company rested not on contract, but in tort, and therefore the contention as to want of contractual relation is wholly irrelevant."

In the present case the action is in contract. Since there was no contractual relation between the parties, the pie company was entitled to a directed verdict.

Judgment reversed, with costs, and the cause remanded for a new trial.

Reversed.