**HANBACK v. DUTCH BAKER BOY, Inc.**

No. 7205.

United States Court of Appeals for the District of Columbia.

Decided Aug. 7, 1939.

T. Edward O'Connell, of Washington, D. C., for plaintiff in error.

Paul J. Sedgwick, of Washington, D. C., for defendant in error.

. Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

STEPHENS, Associate Justice. ·

This case is here upon a writ of error to the Municipal Court of the District of Columbia. The plaintiff in error (hereafter referred to as plaintiff), an infant, brought suit, through her father as next friend, against the defendant in error (hereafter called defendant), a local bakery, for damages for illness caused by food poisoning. The plaintiff alleged that her mother purchased chocolate eclairs from the defendant, which had knowledge through its servants that they were intended for the plaintiff's consumption, and that she ate one of them, which proved to be unwholesome, with resultant injury. The trial court sustained a demurrer to the complaint upon the ground that "lack of privity of contract bars the right of the .infant to recover on implied warranty of wholesomeness and fitness for human consumption." The plaintiff stood on her declaration and judgment was entered for the defendant. We granted a writ. The case presents but one issue—whether a consumer of food, other than a purchaser, can recover against a seller on an implied warranty that the food is wholesome.

▇ The appellant urges that for the protection of the public liability upon the theory of implied warranty should extend to all consumers and that the limitation to "privity of contract" is unreasonable and harsh in its results. But we considered this question in Connecticut Pie ·Co. v. Lynch, 1932, 61 App.D.C. 81, 57 F.2d 447, and therein held that there could be no recovery on an implied warranty where the suit was by sub-purchaser against manufacturer, this because of lack of contractual relationship between the parties. Under that holding the plaintiff must fail here. She is but the donee of a puchaser. The remedy in such situations in this jurisdiction is in tort for negligence.

In Cushing v. Rodman, 1936, 65 App.D. C. 258, 82 F.2d 864, 104 A.L.R. 1023, we held that a purchaser of food could recover from a retailer upon an implied warranty of wholesomeness notwithstanding that the retailer could not have discovered the defect without destroying marketability of the article. The plaintiff insists that language in the opinion, to the effect that the allowance of recovery upon an implied warranty better protects the consuming public than the restriction of liability to

**204**

tort, indicates an intention to overrule Connecticut Pie Co. v. Lynch. These statements were but a part of the reasons given for choosing, from divergent lines of authority in other jurisdictions, the warranty rule. In Cushing v. Rodman, far from overruling the Pie Company case, in citing it we recognized its limitation of the warranty rule. And since Cushing v. Rodman involved a purchaser, it does not rule the case of a purchaser's donee.

 Since Cushing v. Rodman, the Uniform Sales Act, D.C.Code (Supp.1939) tit. 11, c. 4, 50 Stat. 29(1937), has been passed for the District of Columbia. The sale involved in the instant case is subject to the Act, the sale occurring on September 23, 1937, and the Act taking effect on July 1 of the same year. So far as here pertinent, the Act provides:

"Sec. 15. . . . there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.

"Sec. 69. . . . (1) Where there is a breach of warranty by the seller, the buyer may, at his election—

* * *

"(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty . . . .

"Sec. 76. . . . 'Buyer' means a person who buys or agrees to buy goods or any legal successor in interest of such person."

We think the language of this Act sufficiently broad to cover sales of food and that it therefore confirms the doctrine of Cushing v. Rodman. But the Act does not aid the plaintiff in the instant case. She is neither a buyer nor, within the normal sense of the term, a successor in interest of the buyer.

Affirmed.