*Southern District*

## MARY R. REZENDES
### v.
## DAVID CARREIRO, et al

*Cox, J.* This is an action of tort to recover compensation for damage to the plaintiff's automobile. It arose out of a collision of motor vehicles at the intersection of Arlington Street and Central Avenue in the City of New Bedford during the afternoon of December 20, 1952. At the time and place of the collision the plaintiff's automobile was being operated by her husband, Arthur Rezendes, she not being present, and the defendant's delivery truck was being operated on his business by his employee, Leo G. Castonguay.

The plaintiff seasonably presented to the judge a request for a ruling of law that "The evidence is insufficient to show that the plaintiff is chargeable with any negligence of the operator of her car." The judge denied the requested ruling and "On all the evidence" found " . . . that Arthur Rezendes was doing an errand at the direction of his wife; that neither driver saw the other until the time of the impact; that the accident happened through the negligence of both drivers and that the negligence of Arthur Rezendes is imputable to his wife, the owner of the automobile."

The case was reported by the judge because the plaintiff claimed to be aggrieved by the denial of her requested ruling of law.

An interrogatory was propounded to the plaintiff in effect to state under what arrangement her husband was operating her automobile at the time of the accident. She replied "He was on an errand for me." At the trial there was testimony by the plaintiff's husband that he was on his way to the store for groceries "on an errand for both of us" to pick up his wife's orders, and that both he and his wife would eat the groceries obtained. It is the plaintiff's contention that at the time of the accident the evidence required a finding that her husband was bailee of her automobile and on business incidental to his legal responsibility to support her, therefore, his negligence is not to be imputed to her. *Nash v. Lang,* 268 Mass. 407. That is the objective and effect of her request for the ruling of law which the judge denied.

In our opinion, there was no error in the denial of the plaintiff's request for the ruling of law. The law permits one spouse to be the agent of the other and whether the relationship of principal and agent exists between them is commonly a question of fact. *Gordon v. O'Brien,* 320 Mass. 739, 741, 742. *Cobuzzi v. Parks,* 315 Mass. 199, 202. *Groce v. First National Stores, Inc.* 268 Mass. 210, 213.

Clearly the plaintiff's answer to the interrogatory that her husband was on an errand for her would be

sufficient evidence to sustain a finding that he was her agent and not the bailee of her automobile at the time of the accident. For that reason alone, the request was properly denied. *Anapolle v. Carver*, 327 Mass. 344, 346. It is true the testimony of the plaintiff's husband was uncontradicted, but the judge was not required to believe it. *Perry v. Hanover*, 314 Mass. 167, 170. But even if he gave it credance, inconsistently with his finding on all the evidence, as the plaintiff contends he did in his memorandum of decision, a point with which we do not agree, see *Howard v. Malden Savings Bank*, 300 Mass. 208, 211, nevertheless the husband's evidence did not go so far as to require the finding of a bailment. The duty of Mr. Rezendes to support his wife is unquestioned, but it does not follow that in going to the store for groceries at the direction of his wife he was necessarily performing that duty. From all that appears, or does not appear, he may already have satisfied his legal responsibilities in that connection. *Jordan Marsh Co. v. Hedtler*, 238 Mass. 43, 46. We think that in its aspect most favorable to the plaintiff the finding of bailment was not required and the judge's finding that Mr. Rezendes was doing an errand at the direction of his wife was a finding permissable on all the evidence, the result of which was to charge his wife with the consequences of his negligence. *Hunt v. Rhodes Brothers Co.* 207 Mass. 30. *Gearing v. Berkson*, 223 Mass. 257, 259. *Groce v. First National Stores, Inc.* 268 Mass. 210, 212, 213. *Nash v. Lang*, 268 Mass. 407. Nothing in *Bartley v. Almeida*, 322 Mass. 104 seems to require a different conclusion.

As we perceive no error of law in the denial of the plaintiff's request for a ruling, an order is to be entered dismissing the report.