Christina **HERMANSON**, Plaintiff,

v.

**TOWN MOTORS**, Incorporated,
Defendant.

Civ. A. No. 4529.

United States District Court
D. Connecticut.

Nov. 5, 1953.

Abraham A. M. Schweitzer, Hartford, Conn., for plaintiff.

Joseph V. Fay, Jr., Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is a motion under Rule 12(b), Federal Rules of Civil Procedure, 28 U. S.C.A., to dismiss the action on the ground that the plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's claim is based on an alleged breach of an express warranty in that the safety windshield of the car sold by defendant and warranted to pop out on severe impact failed to do so in a collision, resulting in severe injuries to the head and face of plaintiff, a passenger on the front seat of the car. The question raised by the motion is whether in an action for breach of warranty under Connecticut law the plaintiff must allege privity of contract between warrantor and plaintiff.

The general rule is that in order to recover in an action on contract for breach of warranty, privity of contract is required between the warrantor and the person seeking recovery. 77 C.J.S., Sales, § 305, p. 1123.

In the case at bar, the plaintiff was not the vendee of the automobile but the vendee's mother-in-law. The vendee was driving the car at the time of the injuries to the plaintiff passenger.

Under Connecticut law, in the case of implied warranty as to fitness for the purpose for which the article is sold, the warranty has been extended to all members of the buyer's household. 1951 Supp.Conn. General Statutes, 1219b. However, even if this were a case of implied warranty the complaint would fall short as plaintiff is alleged to be living at a different address from her daughter-in-law, the vendee.

Plaintiff seeks to avoid the consequences of the general rule requiring privity of contract on the theory that she is a third-party beneficiary for whose sole benefit the contract was made, relying upon the third-party beneficiary

rule defined in Connecticut in Baurer v. Devenis, 1923, 99 Conn. 203, 121 A. 566.

This position appears untenable. There is no allegation that the warranty was for the specific protection of the mother-in-law and the third-party beneficiary rule would not in all probability be extended by the Connecticut Courts to cover all of the public who may become prospective passengers as a class. Cf. Welshausen v. Charles Parker Co., 1910, 83 Conn. 231, 76 A. 271.

The motion to dismiss is granted.