Donald F. TAYLERSON, as Executor of the Estate of John E. Taylerson, Deceased, and Carrie Dunseath, as General Administratrix and Administratrix ad Prosequendum of the Estate of Florence Taylerson, Deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Lockheed Aircraft Corporation and Kollsman Instrument Corporation, Defendants.

United States District Court
S. D. New York.
May 23, 1960.

Speiser, Quinn & O'Brien, New York City, Robert A. Dwyer, New York City, of counsel, for plaintiffs.

Mendes & Mount, New York City, Kenneth R. Thompson, George W. Clark, New York City, of counsel, for defendant Lockheed.

Arthur Richenthal, New York City, for defendant Kollsman.

SUGARMAN, District Judge.

On February 3, 1959, an "Electra" airplane bearing registry number N6101A crashed in the East River in the vicinity of LaGuardia Airport in New York City.

Among the passengers were John E. Taylerson and Florence Taylerson, his wife, both of whom were killed in the crash.

On February 11, 1960, the executor of the estate of John E. Taylerson and the administratrix of the estate of Florence Taylerson filed their complaint in this court against American Airlines, Inc., Lockheed Aircraft Corporation and Kollsman Instrument Corporation.

In their "causes of action" against all defendants, the plaintiffs accuse the defendants of joint negligence resulting in wrongful deaths of Mr. and Mrs. Taylerson. [First and Seventh Causes of Action.]

In their "causes of action" against Lockheed Aircraft Corporation, the plaintiffs accuse that defendant of breach of implied warranty of merchantable quality and fitness for a particular use and that "as a result of the aforementioned breach of implied warranties by the defendant Lockheed Aircraft Corporation the said airplane crashed as aforesaid". [Second and Eighth Causes of Action.]

In their "causes of action" against Kollsman Instrument Corporation, plaintiffs accuse that defendant of breach of the same warranty and "as a result of the aforesaid breach of implied warranties by the defendant Kollsman Instrument Corporation the said airplane crashed as aforesaid". [Third and Ninth Causes of Action.]

In their "Fourth", "Fifth", "Sixth", "Tenth", "Eleventh" and "Twelfth" causes of action, plaintiffs similarly sue for the conscious pain and suffering endured by the Taylersons prior to their wrongful deaths and caused by defendants' alleged negligence and breach of warranty.

Defendant Lockheed Aircraft Corporation moves "for an order dismissing the Second, Fifth, Eighth and Eleventh alleged causes of action in the complaint for failure to state claims upon which relief can be granted pursuant to Federal Rule 12(b)".

Defendant Kollsman Instrument Corporation moves "for an order dismissing the claims alleged in the third, sixth, ninth and twelfth causes of action in the complaint on the ground that the same fail to state claims against the defendant Kollsman Instrument Corporation upon which relief can be granted".

The gist of each motion is that because of the absence of privity between movants and Mr. and Mrs. Taylerson, no warranty ran to them and the "causes of action" based upon the alleged breach thereof must be dismissed.

The foregoing presents a classic case of precisely what the draftsmen of the Federal Rules of Civil Procedure sought to avoid by refusing to use the term "cause of action" in the rules.

Neither plaintiff herein has a "cause of action", much less six "causes of action", by reason of the events referred to in the

**884**

complaint. Each plaintiff has a claim for the wrongful death of his decedent and her intestate and a claim for the conscious pain and suffering endured.

"For the traditional and hydra-headed phrase 'cause of action' the Federal Rules of Civil Procedure have substituted the word 'claim.' It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts."[1]

There is one form of action, a "civil action".[2] The complaint shall contain:

"(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled * * *.

\*  \*  \*  \*  \*  \*

"A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."[3]

 The purpose of the complaint is simply to give the defendant notice of the essence of the plaintiff's claim with sufficient clarity to enable the defendant to answer.[4]

■ An action may not be dismissed if one of disjunctive allegations of jurisdiction is insufficient while the other is not.[5]

■ A complaint which contains alternative statements of the claim, some of which are insufficient, will not be dismissed if any one alternative statement supports the claim.[6]

The motions are denied.

It is so ordered.

---

1. Original Ballet Russe v. Ballet Theatre, 2 Cir., 1943, 133 F.2d 187, 189.

2. F.R.Civ.P. 2, 28 U.S.C.A.

3. F.R.Civ.P. 8(a), 8(e) (2), 28 U.S.C.A.

4. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.

5. Technical Tape v. Minnesota Mining & Mfg. Co., 2 Cir., 1952, 200 F.2d 876, 877.

6. Keiser v. Walsh, 1941, 73 App.D.C. 167, 118 F.2d 13; Bank of California v. American Fruit Growers, D.C.Wash.1941, 37 F.Supp. 1017.