**Eleanor T. McQUAIDE, Plaintiff,**

v.

**BRIDGEPORT BRASS COMPANY, Defendant.**

**Civ. No. 8301.**

United States District Court
D. Connecticut.

Dec. 29, 1960.

Sigmund L. Miller, Bridgeport, Conn., for plaintiff.

Paul V. McNamara, Bridgeport, Conn., for defendant.

TIMBERS, District Judge.

Defendant moves, pursuant to Rule 12 (b)(6), Fed.R.Civ.P., 28 U.S.C.A., to dismiss the second count of the complaint for failure to state a claim upon which relief can be granted.

This is a products liability case in which plaintiff sues to recover damages for injuries claimed to have been sustained by her as a result of using an insecticide spray, manufactured by defendant, which came into contact with plaintiff's body. The spray was pur-

chased by plaintiff at a retail super market in Pittsburgh.

Jurisdiction is based on diversity of citizenship. Plaintiff is a Pennsylvania citizen residing in Pittsburgh. Defendant is a Connecticut corporation having its principal place of business in Bridgeport.

The complaint is in two counts. The first count alleges negligence on the part of defendant in failing to warn the user of the dangerous qualities of the spray. The second count alleges a breach of express and implied warranties by defendant of the product's merchantability and fitness.

*Breach of Warranty Construed As A Contract Or Tort Action For Purposes Of Conflict of Laws*

■ This being a diversity case, under the rule of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this Court must follow the conflict of laws rules prevailing in the State of Connecticut. Klaxon Co. v. Stentor Electric Manufacturing Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

The first inquiry is how do the Connecticut courts construe a cause of action for breach of warranty—as a contract action or a tort action—for purposes of conflict of laws? The answer is that the Connecticut courts have not declared what conflict of laws rule is applicable to a breach of warranty action.

■ The problem of characterizing a breach of warranty action as a contract action or a tort action is not free of difficulty. Dean Prosser terms the action for breach of warranty as "a freak hybrid born of the illicit intercourse of tort and contract". Prosser, The Assault Upon The Citadel, 69 Yale L.J. 1099, 1126 (1960).

The action for breach of warranty originally was one on the case, analogous to the action for deceit, and sounded in tort. Ames, History of Assumpsit, 2 Harv.L. Rev. 1, 8 (1888). Later the contract action was held to lie. Stuart v. Wilkins, 1 Doug. 18, 99 Eng.Rep. 15 (K.B. 1778).

Many legal scholars regard breach of warranty as a tort for most purposes. Prosser, Torts 493–494 (2d ed. 1955); Dickerson, Products Liability And The Food Consumer 100 (1951); Patterson, Manufacturer's Statutory Warranty: Tort Or Contract?, 10 Mercer L.Rev. 272 (1959); Prosser, The Implied Warranty Of Merchantable Quality, 27 Minn.L.Rev. 117 (1943).

Some courts have treated a breach of warranty action as a tort action for certain purposes. B. F. Goodrich Co. v. Hammond, 10 Cir., 1959, 269 F.2d 501, 504 (wrongful death); Hinton v. Republic Aviation Corp., D.C.S.D.N.Y.1959, 180 F.Supp. 31 (wrongful death); Jones v. Boggs & Buhl, 1946, 355 Pa. 242, 49 A.2d 379 (statute of limitations); Gosling v. Nichols, 1943, 59 Cal.App.2d 442, 139 P.2d 86 (survival of action); Medeiros v. Coca-Cola Bottling Co., 1943, 57 Cal.App. 2d 707, 135 P.2d 676 (measure of damages); Greco v. S. S. Kresge Co., 1938, 277 N.Y. 26, 30, 12 N.E.2d 557, 560, 115 A.L.R. 1020 (wrongful death).

Other courts have characterized a breach of warranty action as a contract action. Sterling Aluminum Products v. Shell Oil Co., 8 Cir., 1944, 140 F.2d 801, 804, certiorari denied 1944, 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588; S. H. Kress & Co. v. Lindsey, 5 Cir., 1919, 262 F. 331, 13 A.L.R. 1170; see Prosser, Torts 493–494 (2d ed. 1955) and cases collected therein.

One commentator would treat breach of warranty for conflict of laws purposes neither as a contract nor as a tort. Instead, he would apply the law of the state most favorable to plaintiff's recovery so long as that state had some contact with the transaction. Ehrenzweig, Products Liability In The Conflict Of Laws, 69 YaleL.J. 794 (1960).

The Court finds it unnecessary on this motion to determine whether the breach of warranty cause of action alleged in the second count is a contract action or a tort action for conflict of laws purposes; whether regarded as sounding in contract or tort, the law of Pennsylvania governs.

**254**

### Connecticut Conflict Of Laws Rules Applicable To Contract And Tort Actions

■ If the breach of warranty alleged in the second count is construed as a contract action, the Connecticut courts, in determining the existence of the warranty and the persons to whom it extended, would apply the law of the place where the contract was to have its beneficial operation. Craig & Co. v. Uncas Paperboard Co., 1926, 104 Conn. 559, 133 A. 673; McLoughlin v. Shaw, 1920, 95 Conn. 102, 111 A. 62.

■ If the breach of warranty, however, is regarded as a tort action, then under Connecticut conflict of laws rules the law of the place where the tort occurred governs. Bissonnette v. Bissonnette, 1958, 145 Conn. 733, 142 A.2d 527.

■ In the instant case plaintiff, a citizen of Pennsylvania, purchased the product in a Pittsburgh store. She used the product in her home (presumably in Pennsylvania) where the injuries were sustained. While the pleadings at the present stage of the case do not disclose all facts which might be relevant to a choice of law determination (Tarbert v. Ingraham Company and Wheatley v. Ingraham Company, D.C.Conn.1960, 190 F.Supp. 402), there is a sufficient showing for purposes of the instant motion to satisfy the Court that, whether the second count is construed as a contract or tort action, under Connecticut conflict of laws rules the law of Pennsylvania governs.

### Pennsylvania Law Applicable To Breach Of Warranty Action

■ Defendant here argues that since there is no contractual relationship—no privity—between defendant manufacturer and plaintiff user of the product, breach of warranty count must fall. The Court does not agree.

Pennsylvania, unlike other states including Connecticut (see e. g. Hermanson v. Town Motors, D.C.Conn.1953, 126 F.Supp. 519), seems not to require privity of contract where breach of warranty,

express or implied, is alleged. Jarnot v. Ford Motor Co., 1959, 191 Pa.Super 422, 156 A.2d 568; Mannsz v. Macwhyte Co., 3 Cir., 1946, 155 F.2d 445. In the Jarnot case, the court stated (191 Pa.Super. 422, 430, 156 A.2d 568, 572):

"A person, who after the purchase of a thing, has been damaged because of its unfitness for the intended purpose may bring an action in assumpsit against the manufacturer based on a breach of implied warranty of fitness; and proof of a contractual relationship or privity between the manufacturer and the purchaser is not necessary to impose liability for the damage."

In the Mannsz case, Judge Biggs (writing for a court which included, in addition to himself, Judge Maris and Judge Goodrich) stated (155 F.2d 445, 449–450):

"Under Pennsylvania law the plaintiffs may approach the goal of recovery by two roads as they have attempted to do in the cases at bar: viz., (1) by proof of breach of express warranty or (2) by proving that Macwhyte was negligent in its manufacture of the wire rope or in the inspection of it. We think it is clear that whether the approach to the problem be by way of warranty or under the doctrine of negligence, the requirement of privity between the injured party and the manufacturer of the article which has injured him has been obliterated from the Pennsylvania law. The abolition of the doctrine occurred first in the food cases, next in the beverages decisions and now has been extended to those cases in which the article manufactured, not dangerous or even beneficial if properly made, injured a person because it was manufactured improperly."

■ Thus, whether the second count is regarded as one sounding in contract or tort, the conflict of laws rules prevailing in the State of Connecticut make applicable the law of Pennsylvania, under which the second count, alleging a breach

of warranty, states a claim upon which relief can be granted.

Defendant's motion to dismiss the second count of the complaint for failure to state a claim upon which relief can be granted, is denied.