Frank SPADA, Amil Spada and Vito Spada, Plaintiffs,

v.

STAUFFER CHEMICAL COMPANY, a corporation, Defendant.

Civ. No. 60-36.

United States District Court
D. Oregon.

July 21, 1961.

Charles S. Crookham, Neal D. Wright, Portland, Or., for plaintiffs.

Howard K. Beebe, Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., for defendant.

EAST, District Judge.

### Posture of the Case

This matter was tried to the Court without a jury, and after hearing the evidence adduced by all of the parties, the Court took the case under advisement, granting the parties leave to file further briefs herein. The Court having reviewed the evidence and perused the briefs of the parties and being advised in the premises, enters this opinion.

### Parties in Jurisdiction

The plaintiffs Frank Spada, Amil Spada and Vito Spada (Spadas) were, during the year 1959, copartners organized to grow agricultural products, particularly snap beans, on approximately 92 acres of leased land in Multnomah County, Oregon, and are citizens of the State of Oregon.

The defendant Stauffer Chemical Company, a corporation (Stauffer), is a citizen and has its principal place of business in San Francisco, California. Therefore, this Court has jurisdiction upon diversity of citizenship of the parties, inasmuch as the amount involved exceeds the sum of $10,000, exclusive of costs and interest. 28 U.S.C.A. § 1332.

### Summation of Evidence

It appears that Stauffer manufactures a certain chemical product known as "EPTAM 6E", a selective herbicide designed and formulated for the purpose, among others, of controlling certain noxious weeds and grasses for preplant soil incorporation for snap bean production. It further appears that Spadas purchased from a local co-op distributor of Stauffer approximately 33¾ gallons of "EPTAM 6E" and applied the same to 60½ acres of the aforementioned tract for the purpose of assisting in the weed control and the culture of their snap bean crop.

It appears from the evidence that in areas of the land treated, there appeared an excessive amount of weeds, and in those areas the weeds did reduce the bean crop, the weeds consisting primarily of horsetail rushweed, a weed which Stauffer's herbicide does not purport to control in any way, and there is some evidence of a substantial root rot, a fungus disease of the bean plant, which Stauffer's herbicide does not cause nor in anywise control, but there appears to have been an appreciable amount of nut grass and pigweed, which weeds "EPTAM 6E" purported to control.

### Contentions of Plaintiffs

It is most difficult to determine whether the Spadas contend that they suffered a loss for a portion of their bean crop due to the negligence of Stauffer in the manufacture of the product, or whether they rely on an implied warranty of

Stauffer as to the quality of its product. O.R.S. 75.150(2).

This Court will assume for the purposes of this opinion, without deciding, that under ORS 75.150(1) and (2) there was an implied warranty on the part of Stauffer that the product was "reasonably fit" for Spadas' purposes and a further implied warranty that the product was of "merchantable quality."

### Conclusion as to Negligence Theory

■ I find that Spadas have completely failed to prove by a preponderance of all of the evidence in the case that Stauffer was in anywise negligent in the misformulation or production of "EP-TAM 6E" purchased by Spadas and applied to the acreage aforesaid or that any negligence on the part of Stauffer was the proximate cause of any damage to Spadas' bean crop or the extent thereof and that, therefore, Spadas cannot recover upon any theory of negligence on the part of Stauffer.

### Conclusion as to Implied Warranty Theory

■ Stauffer contends that the above mentioned implied warranties run only between the seller and the original purchaser and that there are no warranties of fitness and merchantability between the seller and the purchaser's vendee (local co-op) because there is no privity of contract between Spadas and Stauffer herein. So once was the law. This Court acknowledges that the Supreme Court of the State of Oregon has not directly passed upon this question, but has approached the problem in Stout v. Madden and Williams, 208 Or. 294, 306–307, 300 P.2d 461. This Court is quite of the opinion that if the Oregon Supreme Court today was presented with the question, that it would determine that the absence of privity of contract does not remove or permit the mentioned warranties running to the ultimate user, who stands within the reasonable contemplation of the parties to the warranty, might be reasonably expected to suffer a harm from its use.

■■ See n. 4, Weigel v. The M/V Belgrano, D.C.Or.1960, 189 F.Supp. 103, and the authorities cited therein. I find that the Spadas have completely failed to prove from a preponderance of all of the evidence in the case, any liability on the part of Stauffer on account of any breach of the mentioned implied warranties or any damage arising therefrom and the extent thereof. Furthermore, O.R.S. 75.490 provides that if "buyer fails to give notice to the seller [or manufacturer] of the breach of any * * * warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

I paraphrase from the decision in Owen v. Sears, Roebuck & Company, 9 Cir., 273 F.2d 140, 143, upon appeal from this District:

> Our decision upon the issue as to notice is that no pleading or proof of the defense of lack of notice was required of Stauffer that it was necessary for Spadas to, but they did not, allege and prove their giving to Stauffer the statutorily required reasonable notice of their claim in order to have a valid cause of action against Stauffer, that Spadas did not merely by orally advising Stauffer or by commencing this action, give such or any reasonable notice and that for that reason Spadas did not and does not have a valid cause of action and cannot maintain this action.

Therefore, judgment for Stauffer should be entered herein, but without costs to either party. Counsel for Stauffer are requested to submit appropriate judgment, adopting this opinion as findings of fact and conclusions of law to support said judgment.