■ EDWARD WILLIAMS, Appellant, v. UNION CARBIDE CORP. et al., Defendants, and DAVID BREGMAN, Doing Business as ELK WELDING SUPPLY Co., Respondent.— In an action to recover damages for personal injuries sustained by plaintiff, in which he alleges (in his complaint) a first cause of action based on common-law negligence and a second cause of action based on breach of warranty, the plaintiff appeals from so much of an order of the Supreme Court, Queens County, entered October 21, 1960, as, upon motion of the defendant Bregman (doing business as Elk Welding Supply Co.), dismissed the second cause of action for patent insufficiency (Rules Civ. Prac., rule 106, subd. 4). Order, insofar as appealed from, reversed, with $10 costs and disbursements; and defendant Bregman's motion to dismiss the second cause of action for patent insufficiency, denied. Said defendant's time to answer the complaint is extended until 30 days after entry of the order hereon. For the first cause of action, the complaint alleges, inter alia: (1) that defendant Jennie Grund, doing business as Grund Hardware & Supply Co., sold to plaintiff's employer, Jay Burns Engineering Co. (which is not a party to the action), a certain

carborundum grindstone, wheel or disc which had been manufactured by the defendant Union Carbide Corp.; (2) that defendant U. S. Rubber Co. sold to plaintiff's employer certain pipe and advised and directed the use of carborundum grindstones, wheels or discs to cut such pipe; (3) that the defendant Bregman sold to plaintiff's employer a safety or protection face mask which was intended for the use of persons operating carborundum grindstones, wheels or discs; and (4) that each of said defendants knew or should have known that their respective articles of merchandise would be used by the employees, including plaintiff, of Jay Burns Engineering Co. It is further alleged, as part of such first cause of action, that by reason of the negligence of all of said defendants, while plaintiff on May 26, 1960 was properly using said grindstone to cut said pipe the grindstone " broke and flew apart [and] shattered," and that one or more of its fragments penetrated the safety mask which plaintiff was then wearing, struck him in the eye and rendered him blind. For the second cause of action with respect to the defendant Bregman, the complaint alleges, *inter alia* (in addition to the foregoing allegations other than those pertaining to negligence): (1) that plaintiff's employer purchased the safety mask from him for use by its employees and in particular by the plaintiff; (2) that in so purchasing the mask the employer had acted as the plaintiff's agent; (3) that the defendant Bregman, in connection with the sale of said mask, warranted to the public in general and to the plaintiff in particular that the mask " was in a safe and proper condition and was safe, fit and suitable for its intended use; " (4) that plaintiff relied on such warranties; (5) that " in reliance thereupon, plaintiff's employer purchased and accepted " said mask; (6) that in fact it was unsafe, dangerous and unsuitable for its intended purpose; and (7) that in consequence of such breach of the said warranties the plaintiff sustained serious injury. We have heretofore held that, in order to sustain a recovery for damages for personal injury arising out of a breach of warranty, privity of contract must exist between the injured person and the seller or manufacturer of the defective personal property (*Shoopak* v. *United States Rubber Co.*, 10 A D 2d 978; *Papp* v. *Jackson Mfg. Co.*, 8 A D 2d 637, motion for leave to appeal denied 8 A D 2d 728; *Abrahams* v. *Berkoff Co.*, 2 A D 2d 686, motions for leave to appeal denied 2 A D 2d 780, 2 N Y 2d 706). In *Greenberg* v. *Lorenz* (9 N Y 2d 195), the Court of Appeals held that, in cases involving foodstuffs and other household goods, the implied warranties of fitness and merchantability run from the retailer to the members of the purchaser's household, without regard to privity of contract. In *Randy Knitwear* v. *American Cyanamid Co.* (11 N Y 2d 5), the Court of Appeals dispensed with the requirement of privity of contract in an action by a remote purchaser against the manufacturer to recover damages for the breach of an *express* warranty by the manufacturer who had induced the purchase by representations concerning the quality of the goods made by it in public advertisements and on labels which accompanied the goods. From a dictum in that case (11 N Y 2d 5, 16), it would appear that the majority of the Court of Appeals has dispensed, without qualification, with the court-made traditional requirement of privity. Accordingly, we are of opinion that, regardless of contractual privity, the *implied* warranties of fitness and merchantability run from a retailer to the purchaser's employees for whose use the article of personal property had been purchased (cf. *Thomas* v. *Leary*, 15 A D 2d 438; *Simpson* v. *Eichenbrunner*, 31 Misc 2d 958; *Randy Knitwear* v. *American Cyanamid Co., supra*). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.