Settle order on notice.

(47 Misc. Rep. 1.)

PEOPLE v. BERGHOFF.

(Supreme Court, Trial Term, Fulton County. April, 1905.)

FOOD—MISBRANDING—RECOVERY OF PENALTY—QUESTION FOR JURY.

Agricultural Law, Laws 1902, p. 581, c. 214, § 80b, provides that, where honey is one of the ingredients of a mixture, it shall be so stated in the same size type as the other ingredients, but shall not be sold as honey, nor shall the mixture be branded "honey" in any other form than as provided by law, nor shall any mixture be sold as honey or branded with the word "honey" unless it is pure. Laws 1903, p. 1191, c. 524, provides that an article of food which does not contain any deleterious ingredients shall not be deemed adulterated, if it is so labeled as to plainly indicate that it is a mixture or combination, and that it shall be so labeled as to show the character and constituents thereof. Defendant sold a mixture composed in part of honey. On the label of the package the word "honey" was placed immediately above the word "honey syrup," in letters many times larger than those in the latter word. The evidence, in an action to recover the penalty for selling a misbranded package, showed that only one other substance than honey was employed. Plaintiff insisted that the word "glucose" should have been employed, but there was no evidence that such substance was an article of food under the distinctive name of glucose. Held, that the court should have taken judicial notice that the word "glucose" enters into the many different articles of food and is not used by itself as such, so that it was a question of fact whether the word "syrup" was not a sufficient characterization of the ingredients employed, so as to take the case to the jury.

Action by the people of the state of New York against Fred Berghoff to recover a penalty for violation of Agricultural Law, Laws 1902, p. 581, c. 214, § 80b. Verdict for plaintiff. Motion by defendant to set aside verdict. Granted.

Jordan & Cassedy, for the motion.
Eugene D. Scribner, opposed.

SPENCER, J. This action is to recover the penalty imposed for selling a misbranded package. On the trial the court charged

95 N.Y.S.—17

the jury that the label in question did not conform to the statute and that the only question for them to decide was the amount of the penalty. The defendant moved to set aside the verdict and for a new trial.

It being conceded that the substance sold was a mixture composed in part of honey, the statute which has application reads as follows:

"If honey is one of such ingredients it shall be so stated in the same size type as are the other ingredients, but it shall not be sold, exposed for sale, or offered for sale as honey; nor shall such compound or mixture be branded or labeled with the word 'honey', in any form other than as herein provided; nor shall any product in semblance of honey, whether a mixture or not, be sold, exposed or offered for sale as honey or branded or labeled with the word 'honey,' unless such article is pure honey." Laws 1902, pp. 580, 581, c. 214, adding sections 80a and 80b to the Agricultural Law.

The label in question clearly failed to comply with these requirements. The word "honey" appears twice; once in large type, and again in smaller type. The word "honey" is placed immediately above the word "honey syrup," in letters many times larger than those employed in the compound word, and is so situated as to strike the eye to the exclusion of the other words in the label, and leads to the conclusion that it was intended to accomplish what the statute sought to prevent. But the defendant contended that, although the label failed to conform to the statute in the manner in which it was printed, it cannot be regarded as a misbranding of the package (it being of an article of food without poisonous or deleterious ingredients), unless it comes within one of the definitions set forth in chapter 524, p. 1191, Laws 1903. The court coincided in this contention, but held that the word "syrup" on the label was a term too indefinite and general to show what other substance was contained in the mixture besides honey, and therefore ran foul of the provision of the law of 1903, which reads as follows:

"Provided, That an article of food which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded in the following cases: * * * Second. In the case of articles labeled, branded or tagged so as to plainly indicate that they are mixtures, compounds, combinations, imitations or blends: Provided, that the same shall be labeled, branded or tagged so as to show the character and constituents thereof."

The label in question clearly indicated that the package contained a mixture or compound; and the question now before the court is whether the word "syrup" was sufficient within the intent of the statute to indicate the character of the substance so mixed with the honey, or whether the evidence required the submission of that question to the jury. The proof is undisputed that only one substance other than honey was employed. The defendant contended that it was properly designated "syrup" and plaintiff insists that the term "glucose" should have been employed. There was no proof that the substance employed by the defendant in combination with honey is an article of food under the distinctive name of "glucose." I think the court should have taken judicial cognizance that "glucose" is an element entering into many

different articles of food and is not used by itself as such. To the ancients honey was known by the name of "glucose," and it is still somewhat difficult to draw the line of demarkation.    Furthermore, it is a matter of common knowledge that honey deposited by the honey bee is on occasion almost entirely pure glucose, dependent upon the food which the bee may eat.

But to return to the statute. Its language is much involved. It is difficult to trace the intention of the Legislature through its numerous exceptions and qualifications. It was, however, clearly intended to control the court as to its interpretation, and for that purpose supplies definitions as to what shall or shall not be regarded as a violation of its terms. In this connection it is important to note that by its express provisions a label containing false or misleading statements may not be regarded as a misbranding of the articles labeled, unless the article contains poisonous or deleterious ingredients. The package in question was labeled "honey syrup." There is no question but that the term "honey" properly signifies that element. As to the other, the plaintiff contends that the term "glucose" was the proper term and should have been employed. But the dictionaries, encyclopædias, and books treating of honey, sugar, syrup, and glucose furnish food for doubt as to whether glucose may not have been as inappropriate and perhaps more misleading than the word actually employed. The word "syrup," so far as I can discover, has never been employed in connection with or as equivalent to honey; while the elements that separate them are, as stated above, somewhat difficult of determination. As to the popular use of the word "glucose," if such use there be, it does not appear from the proofs that the substance employed by the defendant is so distinctively known by that name that its omission from the label and the use of the word "syrup" constituted in law a violation of the statute. I think, therefore, that it was a question for the jury to determine whether the word "syrup" was not a sufficient characterization of the substance employed. The statute under which the action is brought is highly penal and must be strictly construed. The evidence, I think, fails to show conclusively that the label does not indicate the character of the substance composing the mixture; and it was, therefore, error for the court to take the question from the jury.

The motion to set aside the verdict is therefore granted, and a new trial ordered, with costs to abide the event. Ordered accordingly.