## PEOPLE v. BERGHOFF.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

FOOD — AGRICULTURAL LAW — FOOD PRODUCTS — ADULTERATION — UNLAWFUL SALES—QUESTION FOR JURY.

    In a prosecution for violating the agricultural law, the only charge in the complaint was for manufacturing, selling, and exposing for sale a compound of pure honey and other syrup "for pure honey." The label attached thereto was misleading, in that the word "honey" was printed in large full face type, and the word "compound" in smaller lighter faced type, and the ingredients "honey and syrup" in still smaller type. Defendant testified that he made the compound using one-half pure honey and one-half corn syrup; that, when the compound was sold to the state agent, he sold it for compound honey, and told the agent that it was not pure honey. *Held*, that whether defendant manufactured for sale, sold, and exposed for sale "any compound or mixture branded or labeled as and for honey," which was made of honey mixed with any other substance or ingredient, prohibited by Laws 1902, p. 581, c. 214, § 80b, was for the jury.

Appeal from Trial Term, Fulton County.

Action by the people against Fred Berghoff to recover a penalty for the alleged violation of the agricultural law. From an order (95 N. Y. Supp. 257) setting aside the verdict of the jury in favor of plaintiff and granting a new trial, the people appeal. Affirmed.

    The action is one brought to recover a penalty for an alleged violation of the agricultural law. In the complaint it is alleged that the defendant "manufactured for sale, sold and exposed for sale * * * a compound or mixture for pure honey which was mixed with other syrup or ingredients and adulterated, contrary to section 80b of article 5 of the agricultural law, being chapter 33 of the General Laws." Added by chapter 214, p. 580, of the Laws of 1902, to chapter 338, p. 655, of the Laws of 1893. It was also alleged

"that said honey was wrongfully and unlawfully * * * placed in packages which were not branded or labeled with a statement giving ingredients of which it was made." By reason of these facts it was claimed that the defendant had incurred the penalty imposed by law. Agricultural Law, § 37. The defense was a general denial. On the trial it was shown that an agent employed by the commissioner of agriculture went into the defendant's store and asked if he had honey for sale, that he said he had, and that the agent thereupon purchased a pint can of the honey and paid for it. After purchasing it the agent told the defendant he did not think it was properly labeled. An analysis thereafter made of the article purchased showed that it was a compound containing honey and glucose. The following is a fac simile of the label contained upon the can:

The defendant testified that he made or mixed this honey, using half honey and half corn syrup, and nothing else; that he had these labels printed and put them on the cans; that he sold it for compound honey and told the state agent it was not pure honey. The agent on being recalled testified that he told the defendant that his labels did not comply with the law, and that the ingredients should have been stated in the same size type as the rest of the label. On the trial the court ruled, as a matter of law, that the statute had been violated and submitted to the jury only the question of fixing the amount of the penalty, and instructed them that they must find a verdict for the plaintiff for not less than $50, and not more than $100. Under such instructions, the jury found a verdict for the plaintiff for $50. The court thereafter made an order setting aside the verdict, on the ground that a question of fact was presented for submission to the jury. From this order the plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Julius M. Mayer, Atty. Gen., and Joseph S. Rosalsky, Deputy Atty. Gen., for the People.

Clark L. Jordan, for respondent.

CHESTER, J. There were clearly questions of fact presented for determination by the jury, and those were whether the defendant manufactured for sale, sold, and exposed for sale, to quote from the statute, "any compound or mixture branded or labeled as and for honey which shall be made up of honey mixed with any other substance or ingredient." Laws 1902, p. 581, c. 214, § 80b. The only charge in the complaint is for manufacturing and selling and exposing for sale a compound or mixture for pure honey which was mixed with other syrup or ingredients and adulterated contrary to the provisions of the law. There is no charge in the complaint that the label did not conform with the law requiring, in case of honey mixed with any other ingredient, that there shall be printed on the package containing such compound a statement giving the ingredients of which it is made, stating that honey is one of the ingredients "in the same size type as are the other ingredients." The charge in that respect simply is that the

packages are not "labeled with a statement giving ingredients of which it was made." The principal question litigated on the trial appears to have been whether the label conformed with the statute. That, however, was not within the issues framed by the pleadings.

On the only questions that were within the issues, viz., As to whether or not the compound was manufactured for sale, sold, and exposed for sale by the defendant for "pure honey," instead of as a compound or mixture, the evidence was sufficient to require the court to take the verdict of the jury. Upon those questions the label used was material evidence, as it was made up with the word "honey" in large full face type and the word "compound" in smaller and lighter faced type and with the ingredients, viz., "Honey—Syrup," stated in still smaller type. The jury might have inferred from this that the defendant intended to deceive a purchaser into the belief that he was buying honey, and not a compound. The court having declined to submit the questions of fact to the jury, and having held as a matter of law that there had been a violation of the statute, the verdict directed in favor of the plaintiff was properly set aside.

The order appealed from should be affirmed, with costs. All concur.