PEOPLE v. JAMES BUTLER, Inc.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. FOOD (§ 7*)—MISBRANDING FOOD—STATUTES—"MISBRANDED."

An article composed of the compound of vanilline, cumerin, spirits, sugar, coloring, and water, and plainly labeled on one side with the words "Peerless Extract of Vanilla," and on the reverse side, in small letters, with the words "Formula Vanilline Cumerin Spirits Sugar Coloring Water," is "misbranded," within Agricultural Law (Laws 1893, p. 655, c. 338) §§ 164, 165, as amended by Laws 1903, p. 1191, c. 524, and Laws 1905, p. 140, c. 100, declaring that an article shall be deemed misbranded where it is an imitation of, or offered for sale under the distinctive name of, another article, and is not a mixture or compound known under its own distinctive name, and not included under the definition of misbranded articles of food within the exception in section 165.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Food (§ 7\*)—Misbranding Food—Statutes.**

The article is not so labeled as to plainly indicate that it is a mixture, compound, combination, imitation, or blend, within the exception in Agricultural Law (Laws 1893, p. 655, c. 338) § 165, as amended by Laws 1903, p. 1191, c. 524, and Laws 1905, p. 140, c. 100.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 7.\*]

**3. Food (§ 7\*)—Misbranding Food—Statutes.**

Agricultural Law (Laws 1893, p. 655, c. 338) §§ 164, 165, as amended by Laws 1903, p. 1191, c. 524, and Laws 1905, p. 140, c. 100, declaring that an article of food is misbranded where it is an imitation of, or offered for sale under, the distinctive name of another article, etc., prohibits the sale of counterfeit for the genuine, though the counterfeit does not contain poisonous or deleterious ingredients; and, where a false label is put on one side of an article in such a manner as to arrest the eye, the offense is not cured by a true label, put where it is likely to escape notice.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 7.\*]

Hirschberg, P. J., dissenting.

Appeal from Municipal Court of New York.

Action by the People of the State of New York against James Butler, Incorporated. From a judgment of the Municipal Court dimissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Taylor More, for the People.

John H. Rogan, for respondent.

MILLER, J. This suit is brought to recover a penalty for a violation of sections 164 and 165 of the agricultural law (chapter 338, p. 655, of the Laws of 1893, as amended by chapter 524, p. 1191, of the Laws of 1903, and chapter 100, p. 140, of the Laws of 1905). The facts are practically undisputed. On the 7th of June, 1907, the defendant sold to an agent of the Department of Agriculture a liquid in a bottle upon which was a label, reading as follows:

"PEERLESS EXTRACT OF VANILLA For Flavoring Ice Cream, Syrups, Jellies, Custards, Pies, Puddings, &c. Put up by James Butler, 406 Greenwich St. New York."

The words "Peerless Extract of Vanilla" are in large, full-face type. The background of the label is gilt and white. On the reverse side of the bottle is pasted a small white strip of paper upon which is printed in small type the following:

"Formula Vanilline Cumerin Spirits Sugar Coloring Water."

The article sold was not vanilla. It was in fact a compound composed of the ingredients given in said formula.

Sections 164 and 165 of the agricultural law, so far as material, are as follows:

"Sec. 164. Prohibition as to adulteration or misbranded food.—No person or persons, firm, association or corporation shall within this state, manufacture, produce, sell, offer or expose for sale any article of food which is adulterated or misbranded within the meaning of this act. * * *

"Sec. 165. Definition of adulterated or misbranded food.—* * * An article of food shall be deemed to be misbranded:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"First.—If it be an imitation of or offered for sale under the distinctive name of another article.  *  *  *

"Third.—If the package containing it or its label shall bear any statement regarding the ingredients or the substances contained therein, which statement shall be false or misleading in any particular:  *  *  *  Provided, that an article of food which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded in the following cases:

"First.—In the case of mixtures or compounds which may be now or from time to time hereafter known as articles of food, under their own distinctive names, and not included in definition first of misbranded articles of food in this section.

"Second.—In the case of articles labeled, branded, or tagged so as to plainly indicate that they are mixtures, compounds, combinations, imitations or blends: Provided, that the same shall be labeled, branded, or tagged so as to show the character and constituents thereof."

There can be no doubt that the label is false and misleading, and that the article in question was offered for sale under the distinctive name of another article. Vanilla is an extract of the vanilla bean. A purchaser would think from the label that he was getting that article, not a compound of vanilline, cumerin, spirits, sugar, coloring, and water. A case, then, of misbranding was established, unless the case falls within one of the two exceptions. It does not come within the first, because plainly the article was not a mixture or compound, known under its own distinctive name, and not included under definition first of misbranded articles of food. The defendant contends that this particular article had its own distinctive name, i. e., "Peerless Extract of Vanilla"; but it could not escape the charge of misbranding by selecting for a spurious article the name of the genuine article. The case would plainly be included in definition first of misbranded articles.

The case does not come within the second exception, because the article was not labeled, branded, or tagged so as plainly to indicate that it was a mixture, compound, combination, imitation, or blend. The label, which was obviously designed to attract notice, plainly indicated that the article was an extract, not a compound. A purchaser might be undeceived if he chanced to notice the formula on the reverse side of the bottle. Doubtless, the compound of vanilline, cumerin, spirits, sugar, coloring, and water can be prepared much more cheaply than the genuine vanilla extract. Plainly, the statute was intended to prevent the selling of counterfeit for the genuine article, even though the counterfeit does not contain poisonous or deleterious ingredients; and, where a false label is put on one side of an article in such manner as to arrest the eye, the offense is not cured by a true label, put where it is likely to escape notice. This conclusion is supported by the decision and the reasoning of the court in the case of People v. Luke, 122 App. Div. 64, 106 N. Y. Supp. 621.

The respondent calls our attention to the case of People v. Berghoff, 47 Misc. Rep. 1, 95 N. Y. Supp. 257, affirmed 112 App. Div. 772, 99 N. Y. Supp. 201. As shown by the opinion of Mr. Justice Chester, that was not a case of misbranding, and the label used was only important as bearing on the question whether an article, a compound of honey and glucose, was manufactured for sale, sold, and exposed for sale

for "pure honey." That question was held to be a question of fact for the jury.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. GAYNOR, BURR, and RICH, JJ., concur. HIRSCHBERG, P. J., dissents, on the ground that a penal statute is to be strictly construed, and the one in question does not make it an offense to disclose the constituents of a product in smaller type than is used in naming it.