## PEOPLE v. FINCH.

(Supreme Court, Trial Term, Orange County.   December 11, 1911.)

FOOD (§ 15*)—VIOLATIONS OF REGULATIONS—ILLEGAL SALE—NOTICE TO PURCHASERS.

Under Agricultural Law (Consol. Laws 1909, c. 1) §§ 200, 201, in effect making it unlawful to sell compounds or an imitation of another article unless it is so labeled as to show the character and ingredients thereof, a sale of a substitute for lard, without placing a label upon the wrapper containing the substitute sold, so as to show that fact, was illegal, though the original tub from which the lard sold was taken contained a label placed there by the wholesaler, and though the purchaser was orally informed that the lard was imitation lard.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 14; Dec. Dig. § 15.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceeding by the People of the State of New York against Harry E. Finch. On motion to set aside a verdict for plaintiff and for a new trial. Motion denied.

W. L. Dickerson, for the People.
Watts, Oakes & Bright, for defendant.

TOMPKINS, J. The people brought this action to recover a penalty for the sale of adulterated or misbranded lard, in violation of sections 200 and 201 of article 8 of the agricultural law. At the trial it appeared that the defendant sold to the plaintiff's agents a pound of "compound," which is an imitation of and substitute for lard, and that the package or wrapper in which it was contained, and delivered to the purchasers, bore no label, brand, or tag showing that it was a compound or imitation, or the character or ingredients thereof, although it was shown by the defendant, and not disputed, that the box or tub from which the pound thus sold was taken was plainly labeled, and stated the ingredients of its contents, and it was testified by the defendant's clerk, who made the sale, that he sold the article as "compound," and not as "lard." A verdict was directed for the plaintiff, and upon the defendant's motion to set aside the verdict, and for a new trial, decision was reserved and the question now is, assuming the facts to be as claimed by the defendant, whether there was a violation of the law in question.

Without quoting in full the provisions of the statute, it is sufficient to state the substance of it, which is that it shall be unlawful to sell "compounds" or an imitation of another article unless it is labeled, branded, and tagged, so as to show the character and ingredients thereof or the substance contained therein, and the sole question is whether a label, brand, or tag, showing the character and ingredients of the article, upon the original tub, package, or box from which the article sold is taken, is a compliance with the statute. The manifest purpose of the statute is to give the purchaser notice of the exact character of the article he is buying, and if a label upon the original package, which may be kept anywhere upon the vender's premises, is a compliance with the law, its object and effect would be entirely nullified and defeated. The statute is mandatory, and requires that the article *sold* shall be branded, labeled, or tagged so as to show its true character.

The label upon the original tub or package was placed there by the wholesaler in obedience to this very statute; but that does not, in my opinion, relieve the retail dealer of the duty of placing a similar label upon each pound or other quantity sold by him to a customer. To hold otherwise would defeat the very object of the law, which is to prevent deception upon any purchaser of any weight or quantity. While there are other statutes which provide in greater detail for labeling and branding of the package sold and delivered to a customer, which are cited by the defendant's counsel in his brief, it does not follow by analogy that the evident meaning of this statute should be destroyed because it does not follow the same phraseology. While the statute is to be strictly construed, it does not follow that its pro-

visions are to be made nugatory by an unreasonable construction, which would be the result, should it be held that the proper labeling of the original package would be compliance therewith by a retail dealer; nor will an oral statement by the seller, as claimed in this case, meet the requirements of the statute. The *goods sold* must be labeled. Motion to set aside the verdict and for a new trial denied.

