THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GLENN W. TREICHLER, Respondent.

Fourth Department, May 23, 1917.

Foods — Agricultural Law, sections 200 and 201 — compound sold under name " Vanilla Flavor " — formula of compound printed in small type.

A defendant who sold under the name " Vanilla Flavor " a compound or mixture of which only a small part was extract of vanilla may be convicted of a violation of sections 200 and 201 of the Agricultural Law, although the formula was printed on the label with the word " compound,"

if the type was so small as not to attract the notice of purchasers except upon a close inspection. It was error to rule as a matter of law that the defendant had not violated the statute.

MERRELL, J., dissented.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 14th day of February, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Michael J. Noonan* [*Charles M. Stern* of counsel], for the appellant.

*A. F. Premus*, for the respondent.

PER CURIAM:

Defendant on September 30, 1913, sold under the name " Vanilla Flavor " a compound or mixture of several substances, of which only a small part was extract of vanilla. The formula was printed on the label together with the word " compound," but in type so small as not to attract the notice of purchasers, except upon close inspection.

We think the trial court erred in ruling as matter of law that defendant had not violated sections 200 and 201 of the Agricultural Law (Consol. Laws, chap. 1; Laws of 1909, chap. 9). We are of opinion that the evidence would support a finding that the article was both adulterated and misbranded within the meaning of those sections.

To the ordinary purchaser " Vanilla Flavor " would signify extract of vanilla for flavoring.

The case is in principle the same as *People* v. *Butler, Incorporated* (134 App. Div. 151; 148 id. 928; affd., 212 N. Y. 613).

The judgment entered on the nonsuit must be reversed and a new trial ordered, with costs to appellant to abide the event.

All concurred, except MERRELL, J., who dissented.

Judgment reversed and new trial granted, with costs to appellant to abide event.