■ ANTHONY J. SCLAFANI, Appellant, v BARILLA AMERICA, INC., Respondent. [796 NYS2d 548]—

In an action, inter alia, for a judgment declaring that the defendant's packaging is deceptive, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated February 18, 2004, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The allegations in the complaint stated a valid cause of action alleging that the defendant's packaging violated General Business Law § 349 (*see* CPLR 3211 [a] [7]; General Business Law § 349; *Stutman v Chemical Bank*, 95 NY2d 24 [2000]).

Contrary to the defendant's contention, General Business Law § 349 (d) did not conclusively establish a complete defense to the allegations in the complaint (*see* CPLR 3211 [a] [1]). While portions of the packaging at issue comply with applicable federal regulations, "[c]ompliance with regulations does not immunize misconduct outside the regulatory scope" (*Blue Cross & Blue Shield of New Jersey, Inc. v Philip Morris, Inc.*, 133 F Supp 2d 162, 175 [2001]). Here, some of the elements of the relevant packaging alleged by the plaintiff to be deceptive fall outside the scope of the applicable federal regulations. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.