■ PERETZ LAZAROFF, Individually and on Behalf of All Others Similarly Situated, Respondent, v PARACO GAS CORPORATION et al., Appellants. [945 NYS2d 326]—In an action to recover damages, inter alia, for violations of General Business Law § 349, the defendant Paraco Gas Corporation appeals, and the defendant Porco Energy Corporation separately appeals, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 25, 2011, as denied those branches of their respective motions which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, and fourth causes of action, and so much of the sixth cause of action as sought to recover damages for breach of an express warranty, insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied those branches of the defendants' respective motions pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first, second, and fourth causes of action, and so much of the sixth cause of action as sought to recover damages for breach of an express warranty, insofar as asserted against each of them. Contrary to the defendants' contentions, the separate affidavits they each submitted did not warrant dismissal of those causes of action pursuant to CPLR 3211 (a) (7), since they did not establish conclusively that any fact alleged in the complaint is not a fact at all and that no significant dispute exists on the matter (*see Sokol v Leader*, 74 AD3d 1180, 1182 [2010]).

The plaintiff alleged a valid cause of action to recover damages for violations of General Business Law §§ 349 and 350 (*see Sokol v Leader*, 74 AD3d at 1180-1182; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 161-162 [2010]; *Sclafani v Barilla Am., Inc.* 19 AD3d 577 [2005]; *see also Waldman v New Ch., Inc.*, 714 F Supp 2d 398, 405-406 [2010]; cf. *Vigiletti v Sears, Roebuck & Co.*, 42 AD3d 497, 497 [2007]; *see generally Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]).

The plaintiff also alleged a valid cause of action to recover damages for unjust enrichment (*see Cox v Microsoft Corp.*, 8 AD3d 39, 40 [2004]; *Waldman v New Ch., Inc.*, 714 F Supp 2d at 400, 404-405; *Watts v Jackson Hewitt Tax Serv. Inc.*, 579 F Supp 2d 334, 354 [2008]; *see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Sperry v Crompton Corp.*, 8 NY3d 204, 215-216 [2007]), and alleged a valid cause of action to recover damages for breach of an express warranty (*see Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 181 [2008]; *Williams v Union Carbide Corp.*, 17 AD2d 661, 662 [1962]; *see also Schimmenti v Ply Gem Indus.*, 156 AD2d 658, 659 [1989]; *cf. Donahue v Ferolito, Vultaggio & Sons*, 13 AD3d 77, 79 [2004]).

In addition, the documentary evidence submitted by the defendants did not utterly refute the plaintiff's factual allegations and thereby conclusively establish a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Springer v Almontaser*, 75 AD3d 539, 540 [2010]; *Williamson, Picket, Gross, Inc. v Hirschfeld*, 92 AD2d 289 [1983]; *Chance v Guaranty Trust Co. of N.Y.*, 173 Misc 754, 757 [1939], *affd* 257 App Div 1006 [1939], *affd* 282 NY 656 [1940]). Rivera, J.P., Hall, Lott and Austin, JJ., concur.

---

Motion by the appellant Porco Energy Corporation on an appeal from an order of the Supreme Court, Kings County, dated February 25, 2011, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated January 19, 2012, the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted, and those portions of pages 8 (including footnote 2), 9, 12, 13, and 32 of the respondent's brief which refer to matters dehors the record are deemed stricken from the respondent's brief and have not been considered in the determination of the appeal. Rivera, J.P., Hall, Lott and Austin, JJ., concur.