Raphael v Schwan's Consumer Brands, Inc. (2025 NY Slip Op 52089(U))

[*1]

Raphael v Schwan's Consumer Brands, Inc.

2025 NY Slip Op 52089(U)

Decided on December 30, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 30, 2025
Supreme Court, Kings County

Arthur Raphael, individually and on behalf of all others similarly situated, Plaintiff,

againstSchwan's Consumer Brands, Inc., Defendant.

Index No. 501934/2025

Sheehan & Associates, P.C., Great Neck (Theodore Hillebrand of counsel), for Plaintiff.Foley Hoag LLP, New York City (August T. Horvath of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by DefendantNYSCEF Doc No. 5: Notice of MotionNYSCEF Doc No. 6: Memorandum of Law in SupportNYSCEF Doc No. 7: RJINYSCEF Doc No. 12: Memorandum of Law in ReplyNYSCEF Doc No. 13: Appendix of Case Law
Submitted by PlaintiffNYSCEF Doc No. 2: ComplaintNYSCEF Doc No. 10: Memorandum of Law in Opposition
Filed by CourtNYSCEF Doc No. 8: Notification from Court
 I. Question PresentedThe issue presented before the Court is whether Defendant Schwan's Consumer Brands, Inc.'s labeling of its Edwards Signatures Original Whipped Cheesecake as "Made with Real Cream Cheese" is materially misleading to a reasonable consumer under New York General Business Law §§ 349-350, where Plaintiff does not dispute that real cream cheese is used but contends the label implies that cream cheese is the predominant ingredient.

II. Background
Defendant produces, markets, and sells frozen desserts including Edwards Signatures Original Whipped Cheesecake ("the Product"). Plaintiff Arthur Raphael purchased the Product believing that cream cheese would be the predominant ingredient based on the label's prominent statement "Made with Real Cream Cheese" appearing beneath an image of "a schmear of fresh cream cheese." (NYSCEF Doc No. 6, mem law in support, citing complaint.) However, the ingredient list shows cream cheese as the seventh ingredient, as reflected below:

(NYSCEF Doc No. 2, Complaint.)
Plaintiff's dissatisfaction arose upon discovering that the Product's predominant ingredient was sour cream rather than cream cheese. Although Plaintiff admits that he "obtained value from the Product, with an acceptable, sweet taste," he notes that it was "not necessarily a pleasing taste" (NYSCEF Doc No. 2, complaint ¶ 69). Plaintiff strongly felt that, although not worthless, the Product was worth less than a product made predominantly of cream cheese due to deceptive advertising (see id. ¶8, NYSCEF Doc No. 6, mem law in support). Specifically, Plaintiff contends that he paid a premium price, approximately $7.99 for 24 ounces, higher than what it would otherwise be sold at, and claims the Product did not have the marketed quality. Plaintiff further alleges that he was misled into believing the Product contained "whipping cream" based on the use of the word "cream," despite that ingredient not appearing on the packaging (id.).
Commencing this as a class action, Plaintiff alleges that Defendant's label violates New York General Business Law (GBL) §§ 349-350.
Defendant now seeks dismissal of Plaintiff's complaint in its entirety with prejudice on the grounds that (1) Plaintiff's counsel repeatedly filed similar lawsuits in other courts; (2) no reasonable consumer would expect a specific quantity of cream cheese in the Product; (3) the label is not deceptive or misleading under Agriculture and Markets Law §§ 200-201; (4) Plaintiff's claims are preempted by federal law, including Food and Drug Administration (FDA) regulations; and (5) GBL §§ 349-350 do not support the asserted cause of action. While Defendant's notice of motion cites to CPLR 3211 (a) (1), (3), and (7), it appears that it is really relying on (7) — failure to state a cause of action.

III. Contentions
A. Defendant Schwan's Consumer Brands, Inc.'s ArgumentsDefendant asserts that the frivolousness of this matter is underscored by Plaintiff's counsel Spencer Sheehan's nationwide pattern of sanctions arising from lawsuits similar to the one before this Court. Of the five cases Defendant offers, either sanctioning Mr. Sheehan or warning to sanction Mr. Sheehan, Defendant highlights Matthews v Polar Corp. ([ND Ill Apr. 6, 2023, No. 22CV649]) in which the court noted that "a losing streak should tell you something": "[b]y all appearances, attorney Sheehan keeps bringing cases about how to read product labels, but he can't seem to read the tea leaves from the judiciary." Likewise, Defendant asserts that this case is no more meritorious than Mr. Sheehan's earlier unsuccessful actions and should [*2]accordingly be dismissed.[FN1]

Defendant further posits that no reasonable consumer would interpret the phrase "Made with Real Cream Cheese" as representing that the Product contains a specific quantity of cream cheese. Rather, Defendant claims that a consumer would understand the statement to indicate only that cream cheese is among the many ingredients used to make the Product. (See NYSCEF Doc No. 6, mem law in support, citing Boswell v Bimbo Bakeries USA, Inc., 570 F Supp 3d 89, 96 [SD NY 2021] [court determined that no reasonable consumer would be misled about the amount of butter in a product where a reasonable consumer "would know exactly where to look to investigate—the ingredient list"].) Plaintiff's failure to articulate, in any quantifiable manner, what constitutes "a relatively significant amount" of cream cheese, coupled with the absence of any facts indicating that the Product falls short of such an amount, supports dismissal of the complaint (see id., citing Barnett v Schwan's Consumer Brands, Inc., 2023 US Dist LEXIS 170803, *7 [SD Ill Sept. 25, 2023, No. 22CV2178] [court dismissed claim that "Made with Real Butter" implies a specific quantity of butter due to failure to plead fraud with particularity]). Plaintiff's claim that a reasonable consumer would be misled into believing the Product contains "whipping cream" also fails, according to Defendant, as it is undisputed that the Product's packaging does not contain any mention of "whipping cream" or "whipped cream" (see id., citing Galkowski-Coira v Price Chopper, Inc., 2023 NY Slip Op 30925[U] [Sup Ct, NY County 2023] [court dismissed complaint because reasonable consumer would associate vanilla with a flavor and not an ingredient]).
For the reasons set forth above, Defendant maintains that the Agriculture and Markets Law §§ 200-201 allegations are deficient, given that the Product's packaging was neither deceptive nor misleading (see id., citing Agriculture and Markets Law §§ 200-201; Steele v Wegmans Food Mkts., 472 F Supp 3d 47, 50 [SD NY 2020]). Moreover, Defendant argues that the FDA regulations preempt Plaintiff's claims under GBL §§ 349-350 (see id., citing In re PepsiCo, Inc., 588 F Supp 2d 527, 538 [SD NY 2008] ["Where federal requirements address the subject . . . such state law claims are preempted to the extent they do not impose identical requirements."]). Specifically, Defendant contends that "Made with Real Cream Cheese" is not an "implied nutrient content claim" or statement suggesting "that a nutrient is absent or present in a certain amount" pursuant to FDA regulation 21 CFR 101.13 based on the FDA's determination that "made with real butter" does not fall under this classification (see id., citing 21 CFR 101.65[b][3]; Peviani v Hostess Brands, Inc., 750 F Supp 2d 1111, 1119 [CD Cal 2010] [display of nutritional information in the manner specified by FDA cannot be challenged as misleading because a plaintiff may not "enjoin the use of the very term permitted by the NLEA[[FN2]
] and its accompanying regulations"]).
B. Plaintiff Arthur Raphael's OppositionAlthough Plaintiff urges the Court to consider federal case law as persuasive, he specifically advocates applying the reasonable consumer standard set forth in Mantikas v Kellogg Co. (910 F3d 633, 636 [2d Cir 2018]). The court in Mantikas stated that "[R]easonable [*3]consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side" (id.). The court further indicated that "the misleading quality of the message is not effectively cured by implicitly disclosing the predominance of enriched white flour in small print on an ingredients list on the side of the package" (id. at 639). Under this standard, Plaintiff claims that the reasonable consumer should not have to look to the ingredient list to find this information (see NYSCEF Doc No. 10, mem law in opposition, citing Campbell v Whole Foods Mkt. Grp., Inc., 516 F Supp 3d 370, 387 [SD NY 2021] ["(T)he Court cannot conclude that references to honey on the packaging of this product cannot be deceptive as a matter of law because the product includes some honey."]; Bardsley v Nonni's Foods LLC, 2022 WL 814034, *7 [SD NY 2022], discussing Mantikas ["(E)ven the technically accurate Nutrition Facts panel did not 'render (p)laintiffs' allegations of deception implausible.' "]). Accordingly, Plaintiff maintains that "Made with Real Cream Cheese" suggests that cream cheese is the Product's predominant ingredient instead of sour cream which is listed as the primary ingredient.
Plaintiff further argues that Defendant incorrectly classifies the statement "Made with Real Cream Cheese" as an "implied nutrient content claim," placing it beyond the limits of GBL §§ 349 and 350. Instead, the statement apparently denotes cream cheese as a "valued ingredient" (21 CFR 101.65 [defining "valued ingredient" as "an ingredient that is perceived to add value to the product, e.g. 'made with real butter', 'made with whole fruit', or 'contains honey' "]; see NYSCEF Doc No. 10, mem law in opposition, citing Clemmons v Upfield US Inc., 667 F Supp 3d 5, 14-15 [SD NY 2023] [court determined state law claims under GBL not preempted with respect to "Made with Olive Oil" claim because olive oil is a "valued ingredient"]). Finally, Plaintiff contends that the complaint is framed within the provisions of the Agricultural and Market Law, which are not in conflict with FDA regulations (see id., citing In re DDAVP Indirect Purchaser Antitrust Litig. v Ferring Pharms. Inc., 903 F Supp 2d 198 [SD NY 2012] [court determined plaintiff properly stated a claim under GBL § 349 because defendants' conduct was plausibly "imbued with a degree of subterfuge" and the fraud was plausibly designed to prevent competitors' entry into the market, thereby allowing defendants to overcharge consumers]).

IV. Discussion

A. General Considerations
When a party moves pursuant to CPLR 3211 (a) (7) to dismiss an action, the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In deciding the motion, the court must accept the facts as alleged by the plaintiff as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see IntegrateNYC, Inc. v State of NY, — NY3d —, 2025 NY Slip Op 05870, *2 [2025]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

B. FDA Preemption
Under 21 CFR 101.65 (b), certain label statements about the nature of a product are not nutrient content claims unless such statements are made in a context that would make them an implied claim under § 101.13 (b) (2). An "implied nutrient content" claim is a statement that: "(i) describes the food or an ingredient therein in a manner that suggests that a nutrient is absent or present in a certain amount (e.g., 'high in oat bran'); or (ii) suggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices and is made in [*4]association with an explicit claim or statement about a nutrient" (21 CFR § 101.13 [b] [2]). Section 101.65 lists various examples of statements that are not implied claims including "[a] claim about the presence of an ingredient that is perceived to add value to the product, e.g., 'made with real butter,' 'made with whole fruit,' or 'contains honey' " (21 CFR § 101.65 [b] [3]).
"The[se] regulations describe how implied nutrient claims may appear on product labeling. See [21 CFR] § 101.65. For example, the statement 'contains oat bran' on a product label is an implied nutrient content claim regarding the amount of dietary fiber in the product because oat bran 'is known to contain' fiber. Id. § 101.65(c)(3). The regulations clarify, however, that—absent some added meaning gleaned from context—'[c]ertain label statements about the nature of a product are not nutrient content claims' at all and are exempt from the relevant regulatory requirements. Id. § 101.65(b). This includes 'claim[s] about the presence of an ingredient that is perceived to add value to the product, e.g., "made with real butter," "made with whole fruit," or "contains honey." ' Id. § 101.65(b)(3). A 'valued ingredient' statement of this sort is not a nutrient content claim, implied or otherwise." (Clemmons v Upfield US Inc., 667 F Supp. 3d 5, 14 [SDNY 2023]).
The statement "Made with Real Cream Cheese" therefore qualifies as a "valued ingredient" claim, as it makes no representation regarding nutrient content or health benefits. Consistent with Clemmons v Upfield, such a statement is not preempted under federal law and, accordingly, does not preclude consideration under state law.

C. GBL §§ 349 and 350
"New York's Consumer Protection Act—General Business Law article 22-A—was enacted to provide consumers with a means of redress for injuries caused by unlawfully deceptive acts and practices (see General Business Law §§ 349, 350; see also, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]). This legislation, much like its federal counterpart, the Federal Trade Commission Act (15 USC § 45), is intentionally broad, applying 'to virtually all economic activity' (Karlin v IVF Am., 93 NY2d 282, 290 [1999]). The statute seeks to secure an 'honest market place' where 'trust,' and not deception, prevails (Oswego, 85 NY2d at 25, quoting Mem of Governor Rockefeller, 1970 NY Legis. Ann, at 472)." (Goshen v Mut. Life Ins. Co. of NY, 98 NY2d 314, 323-324 [2002].).
"The goals of GBL §§ 349-350 were major assaults upon fraud against consumers, particularly the disadvantaged[ ] (Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, "General Business Law § 349, at 574-575)" (Teller v Bill Hayes, Ltd., 213 AD2d 141, 148 [2d Dept 1995]). Thereby, "[b]oth General Business Law §§ 350 and 349 qualify as remedial statutes: they 'giv[e] a mode of remedy for a wrong where an injured person had none or an ineffective remedy under the prior system of law.' (McKinney's Cons Laws of NY, Book 1, Statutes § 35; see also, McKinney's Cons Laws of NY, Book 1, Statutes § 321, 342.) Remedial statutes such as these require liberal construction and application, 'to spread their beneficial results as widely as possible'. (McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a].) In addition, the court must 'consider the mischief sought to be remedied and should favor the construction which would suppress the evil and advance the remedy'. (Metropolitan Life Insurance Co. v State Tax Commn, 80 AD2d 675, 677 [3d Dept], affd 55 NY2d 758 [1981); McKinney's Cons Laws of NY, Book 1, Statutes, §§ 54, 95.)" (New York Pub. Interest Research Group v Insurance Info. Inst., 140 Misc 2d 920, 925 [Sup Ct, NY County 1988], affd 161 AD2d 204 [1st Dept 1990].)

1. GBL §349
General Business Law § 349 (a) provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." "Under General Business Law § 349 (h) '[a] prima facie case requires . . . a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof' (Oswego, 85 NY2d at 25). Additionally, the allegedly deceptive acts, representations or omissions must be misleading to 'a reasonable consumer' (Oswego, 85 NY2d at 26; see also, Karlin, 93 NY2d 282; Gaidon, 94 NY2d 330)." (Goshen, 98 NY2d at 323-24). "The phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer (see Gaidon, 94 NY2d 330; Oswego, 85 NY2d 20)" (Goshen, 98 NY2d at 325).
"A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act (see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see also, Gaidon v Guardian Life Ins. Co., 94 NY2d 330, 344; Small v Lorillard Tobacco Co., 94 NY2d 43, 55-56). Whether a representation or an omission, the deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances' (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra, at 26). A deceptive practice, however, need not reach the level of common-law fraud to be actionable under section 349 (see, Gaidon v Guardian Life Ins. Co., supra, at 343). In addition, a plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm (see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra, at 26; see also, Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 349, at 565)." (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]).
Here, Plaintiff evidently meets the first and third elements. Labeling of consumable goods is a consumer-oriented practice and Plaintiff claimed that he was a consumer who failed to receive the benefit of his bargain after purchasing cheesecake that allegedly could have cost less based on the quantity of cream cheese in the Product. However, the issue remains as to whether "Made with Real Cream Cheese" was misleading in a material way. The Court is not aware of any New York case interpreting the General Business Law to directly address whether a representation such as "Made with Real [ingredient]" is misleading when the referenced ingredient is not the product's predominant component.
The court in Singh v Queens Ledger Newspaper Grp. (2 AD3d 703, 704-705 [2d Dept 2003]) determined that the second element was met when a suit label was alleged to have contained incorrect information about the fiber content of the garment. Similarly, Lazaroff v Paraco Gas Corp. (38 Misc 3d 1217[A], 2011 NY Slip Op 52541[U] [Sup Ct, Kings County 2011], affd 95 AD3d 1080 [2d Dept 2012]) found the second element to have been met when a label containing the weight of a propane tank was hidden from the customer and not easily discernable due to a mesh metal cage. Though not precisely analogous, these cases illustrate a judicial tendency to deem the second element satisfied when the alleged misrepresentation arises from erroneous label content or from labeling that is not conspicuous to the reasonable consumer. Such reasoning appears to align not only with New York courts' understanding of the reasonable consumer but also that of federal courts as well (see Boswell, 570 F Supp 3d at 96).
This Court is persuaded by Defendant's position that Plaintiff has not satisfied the second [*5]element. Stating "Made with Real Cream Cheese" in the Product's label does not convey that a certain quantity of cream cheese is present which was not provided to the consumer, as was the case in Singh. Furthermore, unlike in Lazaroff, the label specifying the presence of cream cheese was visible to Plaintiff and was at no point hidden or blocked so as to make the amount inconspicuous to the reasonable consumer. While the phrase "Made with Real Cream Cheese" may indicate to a reasonable consumer that cream cheese is among the ingredients, it is unlikely that it would convey any particular quality. Likewise, the Court concludes that a reasonable consumer would not assume the Product contains "whipping cream" or "whipped cream" merely because "cream" and "whipped" appear separately in "Original Whipped Cheesecake" and "Made with Real Cream Cheese," especially given the label's omission of either ingredient.

2. GBL § 350
GBL § 350 declares "false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state" unlawful. "A plaintiff must demonstrate that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury (see Scott v Bell Atl. Corp., 282 AD2d 180, 183-184 [2001], mod on other grounds 98 NY2d 314 [2002]). The test is whether the advertisement is 'likely to mislead a reasonable consumer acting reasonably under the circumstances' (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, NA, 85 NY2d 20, 26 [1995]; Scott v Bell Atl. Corp., 282 AD2d 180, 184 [2001]). While there is no requirement that the plaintiff allege reliance on defendants' deceptive practices in a GBL § 349 claim (see Stutman, 95 NY2d at 29; Small v Lorillard Tobacco Co., 252 AD2d 1, 7 [1998], affd 94 NY2d 43 [1999]), to state a claim under GBL § 350, plaintiff must allege reliance on the false advertisement (see Andre Strishak & Assoc., P.C., 300 AD2d at 610)." (Lazaroff, 2011 NY Slip Op 52541[U], *7).
Although Plaintiff asserts that he relied on the allegedly misleading label statement when purchasing the Product, his claim under GBL § 350 fails for the same reasons as his claim under GBL § 349.

D. Agricultural and Markets Law §§ 200-201
Agriculture and Markets Law § 200, addressing food adulteration, is designed to preserve the quality of food products by preventing adulteration (see Piazza v Fischer Baking Co., 197 Misc 418 [City Ct, Kings County 1950], affd 200 Misc 834 [App Term, 2d Dept 1951]). Within this section, "adulterated" refers to the debasement of a product by adding inferior materials or elements or make impure by admixture (see People v Enders, 38 Misc 2d 746 [Crim Ct, NY City 1963]). An example of such a violation was presented to the Court in People v Park (60 AD 255 [1st Dept 1901]), where a beverage marketed as lemonade contained no lemon juice and instead used a substitute, which was deemed an adulteration.
Alternatively, § 201 ("Misbranding of food") provides the purchaser with notice of the exact character of the article being purchased and, where the product is a mixture or compound represented by a label, brand, or tag containing a known food, informs the buyer of the constituent elements of such mixture or compound (see People v Finch, 74 Misc 575 [Sup Ct, Orange County 1911]). Notably, a seller of a product labeled "Vanilla Flavor," in which only a minor portion contained vanilla extract and the term "compound" appeared in inconspicuously small print, was convicted of a violation (People v Treichler, 178 AD 718 [4th Dept 1917]). Likewise, in People v Butler, Inc. (134 AD 151 [2d Dept 1909]), the court held that a bottle labeled "Peerless Extract of Vanilla" in large print, while on the reverse a narrow strip of paper in small type listed "Formula Vanilline Cumerin Spirits Sugar Coloring Water," indicating the [*6]use of a compound rather than actual vanilla, constituted misbranding.
Again, the Court is persuaded by Defendant's position that the Product's packaging was neither deceptive nor misleading. Although Plaintiff asserts that the Product constitutes "adulteration" under § 200, he erroneously conflates the statutory prohibition on the use of inferior materials with the mere inclusion of sour cream, which allegedly produced an unsavory flavor. Plaintiff's comparison of sour cream as a substitute for cream cheese is misplaced, because, unlike the lemon beverage in Park, cream cheese remains an ingredient and has not been entirely substituted for with sour cream. Additionally, Plaintiff's claim under § 201 fails because, as noted above, the label clearly listed all ingredients, was not obscured in small print, and did not indicate that a substitute for real cream cheese had been used.

 V. Conclusion
Although "Made with Real Cream Cheese" constitutes a "valued ingredient" claim that is not preempted under federal law, Plaintiff's claims fall short of meeting all elements under GBL §§ 349 and 350. Plaintiff's failure to demonstrate that the labeling was materially misleading to a reasonable consumer precludes recovery under these statutes. With respect to Plaintiff's claims under Agricultural and Markets Law §§ 200-201, even construing all facts pleaded as true and according Plaintiff every possible favorable inference under CPLR 3211 (a) (7), the Product's inclusion of sour cream does not constitute adulteration and does not fail to adequately disclose all ingredients. Neither does the label fail to provide the purchaser of notice of the Product's composition. Therefore, Plaintiff has failed to demonstrate entitlement to relief under state consumer protection laws, or under the relevant provisions governing food quality, composition, and misbranding.
Accepting the facts as alleged by Plaintiff as true, according Plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory, the Court concludes that Plaintiff has failed to state a cause of action (see IntegrateNYC, Inc. v State of NY, 2025 NY Slip Op 05870).
Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss the complaint is GRANTED in its entirety. The Clerk shall enter judgment accordingly.

Footnotes

Footnote 1:Whether Plaintiff's counsel was previously sanctioned in connection with the commencement of lawsuits regarding consumer products is irrelevant to the determination of this motion.

Footnote 2:Nutrition Labeling and Education Act.